IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARION JOHNSON § | |
| (Institutional ID No. 98515), § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:14-cv-3180-K-BN |
| § | |
| DALLAS COUNTY POLICE § | |
| DEPARTMENT, § | |
| § | |
| Defendant(s). § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Marion Johnson, who appears to be resident at the Big Spring State Hospital, has filed a complaint against the Dallas Police Department under 42 U.S.C. § 1983. *See* Dkt. No. 1. For the reasons explained below, the complaint should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey this Court's orders.

**Background**

Plaintiff's complaint was docketed on September 2, 2014. *See* Dkt. No. 1.

On September 9, 2014, because Plaintiff neither paid the filing fee nor filed an application to proceed *in forma pauperis*, the undersigned magistrate judge issued a notice of deficiency and order [Dkt. No. 7], requiring that Plaintiff either pay the requisite filing fee or file an *in forma pauperis* motion by September 30, 2014. The failure to do either, Plaintiff was warned, would result in a recommendation that his

complaint be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).

Plaintiff has failed to comply with that order – or otherwise contact the Court since filing this action.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action *sua sponte*, "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. Nov. 17, 2011) (per curiam) (42 U.S.C. § 1983 action) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))). The failure to pay the filing fee or seek leave to proceed *in forma pauperis*, as ordered, justifies dismissal of an action without prejudice for failure to prosecute and obey a court order. *See, e.g., Caton v. Dretke*, Civil Action No. 6:07cv446, 2008 WL 177704 (E.D. Tex. Jan. 17, 2008). By neither paying the filing fee nor filing an *in forma pauperis* application, as ordered, Plaintiff has prevented this case from proceeding and, thus, failed to prosecute his lawsuit and obey this Court's order. The Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

**Recommendation**

Petitioner's action should be dismissed *sua sponte* without prejudice pursuant to Federal Rule of Civil Procedure 41(b). But, if, within 14 days of the date of this recommendation, Plaintiff pays the filing fee or files an *in forma pauperis* application, the Court should refer the case back to the undersigned for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 21, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE